**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MONIREH BOZORGI; FARRAH PIRAHANCHI,

Plaintiffs,

vs.

WOOD CREST HILLS HOME OWNERS ASSOCIATIONS, a California Corporation; CRAIG L. COMBS CSBN 229438; JILL MORGAN; ALLURE TOTALE MANAGEMENT, a California Corporation; and DOES 1-100,

Defendants.

CASE NO. 15cv0123-WQH-JMA

ORDER

HAYES, Judge:

The matters before the Court are the Motion for an Emergency Temporary Restraining Order (ECF No. 2) and Motion to Proceed in Forma Pauperis ("Motion to Proceed IFP") (ECF No. 3) filed by Plaintiffs.

On January 20, 2015, Plaintiffs Monireh Bozorgi and Farrah Pirahanchi commenced this action by filing the Complaint against Defendants Wood Crest Hills Home Owners Associations ("Wood Crest Hills HOA"), Craig Combs, Jill Morgan, and Allure Totale Management (ECF No. 1), Motion for an Emergency Temporary Restraining Order (ECF No. 2), and Motion to Proceed IFP (ECF No. 3). The Complaint alleges that Mr. and Mrs. Leslie Saches moved to the neighborhood in 2010, became president of Defendant Wood Crest Hills Home Owners Association, and began

harassing Plaintiff Bozorgi "due to her nationality and lack of english [sic] language." (ECF No. 1 at 3). The Complaint alleges that, Defendant Wood Crest Hills HOA would not accept her payments beginning in 2010 or 2011, and would not allow her or her children to attend meetings. The Complaint alleges that all Defendants fraudulently foreclosed on Plaintiffs' property on February 22, 2013 while Plaintiff Bozorgi was under Chapter 7 Bankruptcy protection, which constituted elder abuse and was carried out in violation of various California laws relating to foreclosure. The Complaint alleges that "Ms. Bozorgi was never given an opportunity to correct this matter." *Id.*

Plaintiffs allege that this Court has jurisdiction pursuant to 28 U.S.C. section 1343(a)(3) and 42 U.S.C. section 1983. Plaintiffs do not allege that diversity jurisdiction exists in this case.

Plaintiffs assert three claims for relief. Plaintiffs' first claim is captioned "Due Process, Home owners bill of rights, Fair Trial." *Id.* Plaintiffs' second claim is captioned "Home owners bill of rights, Davis-Stirling act." *Id.* at 4. Plaintiffs' third claim is captioned right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc." *Id.* at 5. All three claims allege Defendant Wood Crest Hills HOA's harassment or other misconduct prior to foreclosure, and wrongful foreclosure activity by Defendant Wood Crest Hills HOA. All three claims for relief cite 11 U.S.C. section 362(k)(1)[1] for the proposition that a person may recover against another for violation of a bankruptcy court stay order.

**I. Motion to Proceed IFP (ECF No. 3)**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); S.D. Cal. Civ. L.R. 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177

[1] Plaintiffs cite the language of section 362(k)(1) but cite section 362(h).

(9th Cir. 1999). 28 U.S.C. section 1915(a) requires "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In their affidavit, Plaintiffs state that they are currently employed and earning $7,660 a month. Plaintiffs state that Plaintiff Bozorgi receives Supplemental Security Income. Plaintiffs state that they have a $260 checking account balance, own an automobile, and own unspecified valuable property valued at $670,000. Plaintiffs state that they do not have any accounts other than a checking account. Plaintiff Pirahanchi states that she has four dependents: three children and her mother, Plaintiff Bozorgi.

The Court has reviewed the affidavit and finds that it is not sufficient to show that Plaintiffs are unable to pay the fees or post securities required to maintain this action. Plaintiffs' income and assets are sufficient to pay the $400 filing fee. The Court denies the Motion to Proceed IFP pursuant to 28 U.S.C. section 1915(a). Plaintiffs must pay the filing fee of $400 to commence this action, or submit further documentation demonstrating their inability to pay.

**II. Initial Screening of the Complaint**

In the event that Plaintiffs are able to demonstrate that IFP is proper, the Court would conclude that the Complaint should be dismissed for lack of subject matter jurisdiction. A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976). However,

even a "liberal interpretation ... may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

"Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (2946)). "[T]he district court has jurisdiction if 'the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another,' unless the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" *Id.* (quoting *Bell*, 327 U.S. at 682-83, 685).

The Complaint lists constitutional claims in the captions of two claims for relief, and the Constitution is invoked in a few conclusory allegations. *See, e.g.*, ECF No. 1 at 5 ("The HOA by violating [sic] our Constitutionally guaranteed rights and all aspects of due process of law, in particular those rights secured in the Bill of Rights, including, but not limited to, our 4th, 5th, 7th and 9th Amendment Rights and those rights guaranteed and protected in California Constitution Declaration of rights [sic]."). However, the gravamen of each of Plaintiffs' claims for relief is events leading up to

foreclosure and allegedly wrongful foreclosure in violation of various California laws. Foreclosure activity carried out by private entities pursuant to state law does not implicate constitutional interests. *See, e.g.*, *Charmicor v. Deaner*, 572 F.2d 694, 696 (9th Cir. 1978) ("Over 40 years ago, this court rejected a challenge to the constitutionality of former Cal. Civil Code § 2924. The appellant there argued that he had been deprived of due process by virtue of the trustee's alleged failure to comply strictly with the statutory notice provisions. This court held that there was no state action, and hence no federal claim for relief.") (citing *Davidow v. Lachman Bros. Inv. Co.*, 76 F.2d 186, 188 (9th Cir. 1935)); *Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003), *cert. denied*, 540 U.S. 948 (2003) ("While the bar for state action is low, non-judicial foreclosure procedures like Hawaii's nevertheless slip under it for want of direct state involvement."); *Garfinkle v. Super. Ct.*, 21 Cal. 3d 268, 281 (1978) ("California's nonjudicial foreclosure procedure does not constitute state action and is therefore immune from the procedural due process requirements of the federal Constitution."). Plaintiffs' constitutional claims are "implausible" and "immaterial."[2] *Steel Co.*, 523 U.S. at 89. If IFP were granted, the Court would conclude that the Complaint should be dismissed for lack of subject matter jurisdiction.

**III. Motion for an Emergency Temporary Restraining Order (ECF No. 2)**

Plaintiffs request an emergency temporary restraining order to prevent a "lock out by homeowners association on Jan/22/2015." (ECF No. 2 at 1).

Even if IFP was granted, the Court could not grant any relief at this stage in the proceedings. Federal courts—unlike state courts—are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can only adjudicate those cases in which the United States Constitution and Congress authorize them to adjudicate. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Because the Complaint does not adequately allege a basis for subject matter jurisdiction,

---

[2] Although cited in the Complaint, 11 U.S.C. section 362(k)(1) does not form the basis of any of Plaintiffs' claims. No allegations in the Complaint connect 11 U.S.C. section 362(k)(1) to Defendants' alleged wrongdoing.

the Court could not grant equitable relief at this stage in the proceedings.

**IV. Conclusion**

IT IS HEREBY ORDERED that the Motion to Proceed IFP (ECF No. 3) is DENIED without prejudice. Plaintiffs must pay the $400 filing fee or submit further documentation demonstrating their inability to pay within **thirty (30) days** from the date this Order is filed. If neither the filing fee nor further documentation is filed within that time, the Clerk of the Court shall close the case.

IT IS FURTHER ORDERED that the Motion for an Emergency Temporary Restraining Order (ECF No. 2) is DENIED without prejudice.

DATED: January 21, 2015

**WILLIAM Q. HAYES**
United States District Judge